FILED

JUL 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO ALEXANDER PEREZ-ESCOBAR, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73624 <br><br> Agency No. A099-663-573 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Hugo Alexander Perez-Escobar, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's denial of his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), and we deny the petition for review.

Substantial evidence supports the BIA's denial of asylum and withholding of removal because Perez-Escobar did not demonstrate that he was or would be targeted by gang members on account of his political opinion, membership in a particular social group or any other protected ground. *See id.* at 482-84; *see also Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Further, because Perez-Escobar's family members remain in El Salvador unharmed, substantial evidence supports the BIA's conclusion that he has not demonstrated a well-founded fear based on family membership. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008).

Substantial evidence also supports the BIA's denial of CAT relief because Perez-Escobar failed to demonstrate it is more likely than not he will be tortured in El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**